Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment of County Court reversed, with costs to the plaintiff, and judgment of justice's court affirmed.

---

## FRANCIS STOUT, RESPONDENT, v. GILBERT WOODWARD AND ANOTHER, APPELLANTS.

*Disputed boundary — settlement of — arbitration.*

Where a boundary line between the lands of two persons is disputed, indefinite and uncertain, it is competent for the parties to fix upon and determine such line by parol, and a line so fixed upon will be final and conclusive. (*Vosburgh* v. *Teator*, 32 N. Y., 561.)

It is equally competent for them to authorize another person to determine such line for them as their joint agent or arbitrator, and the determination of the line by their agent, and their assent to such settlement, will bind them the same as if it had been determined by themselves. (*Wood* v. *Lafayette*, 46 N. Y., 484.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

*S. C. Keeler*, for appellants. *Hurd & Fletcher*, for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment and order affirmed, with costs.

---

## ORCELIA CLARK, RESPONDENT, v. WILLIAM CLARK, APPELLANT.

*Limited divorce — defense that plaintiff's former husband is still living — what sufficient allegation of.*

In an action for a limited divorce the defendant, besides denying the complaint, set up as a separate defense that at the time of her alleged marriage with him, " the plaintiff was a married woman, the wife of one Clement Clark then living, from whom she had never been divorced, but whose lawful wife she then was, which facts were unknown to the defendant," etc. The plaintiff demurred to

the second defense, claiming that the answer did not affirmatively aver that the former husband had not been finally sentenced to imprisonment for life, citing *Linden* v. *Linden* (36 Barb., 61) and *Kinnier* v. *Kinnier* (45 N. Y., 535). The court (citing *Fleming* v. *The People*, 27 N. Y., 329, and *Hayes* v. *People*, 3 Park. Crim., 325), *held*, that it was not necessary to negative the exceptions contained in the statute, and that, furthermore, the answer alleged that the plaintiff at the time of the marriage stood in a valid marital relation to another; that plaintiff could not be the lawful wife of Clement Clark if she had the legal right to marry another man.

APPEAL from an order sustaining a demurrer to the defendant's answer, in an action for a limited divorce.

*H. B. Smith*, for appellant. *John T. Davidson*, for respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Order reversed, with ten dollars costs and printing disbursements, with leave to renew on payment of such costs and disbursements.

---

JOHN R. COGSDILL, RESPONDENT, *v.* ROBERT BROWN, APPELLANT.

*Articles exempt from execution — Chapter 134 of 1859 — meaning of word " team " in.*

A single horse and his harness are a " team " within the meaning of section 23 of 3 Revised Statutes (5th ed.), 646, as amended by chapter 134 of 1859, and, as such, entitled to the exemption from execution thereby created. (*Wilcox* v. *Hawley*, 31 N. Y., 648; *Smith* v. *Slade*, 57 Barb., 637; *Dains* v. *Prosser*, 32 id., 290; *Lockwood* v. *Younglove*, 27 id., 505.)

Even though on the day of the levy the plaintiff had no use for the horse, and did not then know when or how he would next make the horse useful or necessary, it was still exempt from execution, in the discretion of the owner. He had the right to retain the property and find use for it.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*F. A. Durkee*, for appellant. *S. C. Millard*, for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.